IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE WEEKS-KATONA,<br><br>    Petitioner,<br><br>  v.<br><br>D.H. DREW, et al.,<br><br>    Respondents.<br>_____ | No. C 09-1424 MMC (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>**(Docket Nos. 2 & 5)** |

On April 1, 2009, petitioner, a federal prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus under 28 U.S.C. § 2241. According to the allegations in the petition, in 1994 in the United States District Court for the Middle District of Florida, petitioner and her son, Jason Spencer Weeks, were convicted of numerous federal offenses, including conspiracy, fraud, money laundering, transportation of stolen goods and the attempted murder of a United States officer or employee. Petitioner seeks herein to have her son's criminal convictions and 360-month sentence vacated.[1]

---

[1] In 2007, petitioner filed a habeas petition in this court challenging her own conviction and sentence. The case was assigned to the Honorable Martin J. Jenkins who, on July 31, 2007, dismissed the petition, finding petitioner must bring her claims in the sentencing court, i.e., the Middle District of Florida, by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. See Weeks-Katona v. Clark, No. C 07-3053 MJJ (PR) (Order, filed Jul. 31, 2007, at 2-3.) On December 10, 2007, the Clerk of the Court transmitted the record on appeal in that matter to the Ninth Circuit, where petitioner's request for a certificate of appealability is currently pending. See Weeks-Katona v. Clark, No. 07-17280 (9th Cir. Dec. 15, 2007).

A person other than the detained person challenging his detention may file an application for a writ of habeas corpus and establish standing as a "next friend." Whitmore v Arkansas, 495 U.S. 149, 163 (1990). A next friend does not himself or herself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. Next friend standing is not granted automatically to whomever seeks to pursue an action on behalf of another; rather, there are two firmly rooted prerequisites to next friend standing:

> First, a next friend must provide an adequate explanation – such as inaccessibility, mental incompetency, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-64 (citations omitted).

Here, petitioner has not established that her son Jason Spencer Weeks cannot appear on his own behalf to prosecute a habeas corpus action challenging his 1994 conviction and sentence. Indeed, the federal courts computer database shows that Jason Spencer Weeks has twice brought challenges, in the United States District Court for the Middle District of Florida, to his conviction and sentence under 28 U.S.C. § 2255. See United States v. Weeks-Katona, et al., No. C 94-cr-00065-SCB-2 (M.D. Fla.) (Docket Nos. 467 & 499). Further, as Jason Spencer Weeks both was convicted and is confined in the Middle District of Florida, this Court does not have jurisdiction either over him or his custodian for the purpose of ruling on the validity of the 1994 conviction and sentence.

Accordingly, petitioner's attempt to proceed with the instant petition on behalf of her son is hereby DENIED, and the petition is hereby DISMISSED for lack of jurisdiction. See Whitmore, 495 U.S. at 166; see also 28 U.S.C § 2242 (providing an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").

1   Additionally, petitioner's application for leave to proceed in forma paupers is hereby
2 GRANTED.
3   This order terminates Docket Nos. 2 and 5.
4   The Clerk shall close the file.
5   IT IS SO ORDERED.
6 DATED: April 17, 2009

MAXINE M. CHESNEY
United States District Judge